41994.   LOUISVILLE & NASHVILLE RAILROAD
COMPANY et al. v. CENTRAL OF GEORGIA
RAILWAY COMPANY.

ARGUED MAY 2, 1966—DECIDED JUNE 10, 1966.

810

*Edenfield, Heyman & Sizemore, W. J. Tipton, Weldon C. Boyd, Robert G. Young,* for appellants.

*Harris, Russell & Watkins, John B. Miller,* for appellee.

FELTON, Chief Judge. ■ In the consideration of this case it seems to us that the conclusion to be reached is dictated by the provisions of *Code* § 20-702, which are as follows: "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." It seems to us that in arriving at the intention of the parties both of the contracts with reference to the maintenance of the structure must be considered. It is not alleged in the petition that the Central Railroad & Banking Company of Georgia did not erect the structure under the 1888 contract to the satisfaction of the parties plaintiff and according to their specifications. It was this specific and identified structure which the contract agreed to maintain. If there was lack of foresight in providing a structure to accommodate the growing needs of the plaintiffs and to provide therefor it was not the fault of the defendant's predecessor. Indeed it is clear from par. 5 of the 1901 contract that the parties intended that the provisions as to maintenance were referable to the undergrade crossing as the same "is now erected and maintained." This reference cannot be construed as merely indicating the location of the crossing. Par. 2 of the 1901 contract seems to remove all doubt as to the intention of the parties as to what structure was to be maintained. In fact the agreement to maintain, in the 1888 contract, was specifically carried forward in the 1901 contract. Par. 2 concludes with: "This contract is intended to be a full compliance with the said agreement of April 21, 1888, which is hereby annulled except in so far as it is to be carried out by the terms of this agreement." This provision is a conclusive acknowledgment that the structure was erected as directed by the plaintiff and that it would be maintained according to the pro-

visions of both contracts, which are clearly to the effect that the structure as erected would be maintained and do not provide for changes in the structure to meet the growing needs of the plaintiff's railroad. The court did not err in sustaining the general demurrer to count 1 of the petition.

■ Count 2 of the petition shows that whatever rights the plaintiffs had with reference to the maintenance of the structure were provided for in a contract or contracts between the parties. In such circumstance the parties are relegated to the contract or contracts in the absence of an allegation that the contracts are for some reason void or unenforceable for reasons of public policy.

The court did not err in sustaining the general demurrer to count 2 of the petition.

*Judgments affirmed. Frankum and Pannell, JJ., concur.*